This honorable appellate court for the 2nd District is now open. The Honorable Justice Anne B. Jorgensen presiding, along with Justice George Bridges and Justice Liam C. Brennan. The case is number 2180087, People of the State of Illinois, Plaintiff-Appellee v. James W. Kyles, Defendant-Appellant. Arguing for the appellant, Andrew Gable. Arguing for the appellee, Adam Trejo. All right, are you both ready to proceed? Yes, Your Honor. Okay, then Mr. Gable, you may proceed when you're ready. Thank you. May it please the court, Andrew Gable for the appellant, James Kyles. James Kyles was charged with attempted murder, aggravated battery with a firearm, and various other firearm charges relating to him and a co-defendant shooting an individual in the head. Kyles was 16 at the time of the crime, and the case was automatically transferred to adult court based on the aggravated battery of a firearm charge. However, that charge in the indictment did not claim that he personally discharged the firearm. Mr. Kyles eventually pled guilty under a cap plea with the range of 6 to 25 years for the aggravated battery of a firearm count, and was sentenced to 21 years. The counsel filed a motion to reconsider that sentence. While that motion was pending, Kyles filed a pro se motion to withdraw his plea, have new counsel appointed, and raise various claims of ineffective assistance of counsel. The trial court then allowed Mr. Kyles' plea counsel to withdraw, and new counsel was appointed. However, no proper crankle inquiry was done. The appointed counsel later withdrew Kyles' pro se motions and moved forward with the motion to reconsider sentence. The trial court then denied the motion to reconsider sentence, but told Kyles that he had preserved his ability to challenge his sentence and the voluntariness of the plea even though he did not file a motion to withdraw his guilty plea. This appeal raises three issues. The first is whether or not automatic transfer was appropriate. Here, the automatic transfer was based on the aggravated battery of the firearm charge, but the indictment did not allege that he personally discharged that firearm. The indictment did have in the attempted murder count state that he, without a co-defendant, did shoot someone in the head. And it's recognized that the courts will look at the indictment as a whole. However, here, the aggravated battery count did not state that he personally discharged that firearm, but rather that he and a co-defendant discharged a firearm, just one firearm. The second issue is about the Supreme Court 605 admonishments given to Mr. Kyles. He was told that he did not need to withdraw his guilty plea in order to challenge his sentence. While this appeal was pending, the Illinois Supreme Court's decision in Johnson came down that says that you must withdraw your guilty plea before you want to challenge the sentence. Thus, under Johnson, the admonishments given by the court were improper. So, Mr. Kyles is asking for the case to be remanded back to the trial court so that it can be given the proper admonishments under Johnson. And the third and final issue is a Krankel issue. Here, there was no significant Krankel inquiry and no real interchange between the trial court and trial counsel when Mr. Kyles filed his pro se motion. Mr. Kyles raised various issues, including that he would only receive 10 years in prison, that his lawyer had a conflict of interest, that he did not discuss with him whether or not to have a bench or a jury trial, and that there was an affidavit from a co-defendant that Mr. Kyles, that he did not give Mr. Kyles the firearm. The trial court noted that it had received this motion, but then just essentially allowed the original counsel to withdraw, did not question him about these allegations, and did not question Mr. Kyles about these allegations. Now, it is recognized that some courts have held that appointing new counsel does satisfy the Krankel inquiry. But here, the new counsel did not present any of these claims, and in fact, withdrew the claims, but did not file any 604 certificate at the time. And the problem then is, we don't know what merit there is to these claims, and there's no record to be able to challenge these on appeal. Under the Second District's decision in People v. Downs, Krankel counsel should either present the non-frivolous claims or else make a motion to withdraw. And here, that did not happen. This is sort of interwined with the improper admonishments, and Mr. Kyles is just requesting that the case be remanded so that he can receive the proper admonishments, and that any Krankel inquiry can be conducted on the record. And with that, I will relinquish my time and invite any comments or questions from the court. Thank you. All right. Justice Brennan, do you have any inquiry? I do. So, I want to focus, if I can, just briefly on this 605 issue. When the defendant was sentenced in March of 16, do you agree that the trial judge did give the correct 605C admonishment? It would be the correct admonishments under Johnson. And those admonishments, they told the defendant, you have 30 days to file a motion to withdraw your plea if you want to challenge your sentence. And the defendant did not do that within 30 days. I mean, that's a fair, factual... That's correct, isn't it? That is correct. Has counsel filed a motion to reconsider the sentence? But, I mean, the defendant did not file any motion to withdraw his plea within 30 days from that admonishment. And I understand the issue with the case laws that evolved, but the defendant was told what he had to do under 605C, and he didn't do it. So, I'm trying to figure out the significance of the subsequent judge's misadmonishment of the defendant, if you want to call it that. The point, after 30 days, the defendant's out of the box. Why is that not incorrect? Why is that wrong? At the time, the law in the 2nd District appeared to be that you did not have to file that motion to withdraw the guilty plea within 30 days. Johnson changed that, so the first admonishments, one, were arguably incorrect under the law at the time, and two, it's difficult to say that Kyles should be blamed for not filing that within 30 days when he was represented by counsel who filed a different motion. And it would be our position that by filing that motion to reconsider the sentence, it would toll the normal 30 days that she would have to file the motion to withdraw the guilty plea until that motion is resolved. All right. Thank you. No other questions? Yes. Justice Bridges? Yes. Thank you. Counsel, didn't defendant advise his crankle counsel to forego his pro se motion, and if so, doesn't that render his ineffective claim of his crankle counsel forfeited? The record is not entirely clear about what he said. Mr. Kyles was present when the crankle counsel withdrew the motion, but there was no inquiry of Mr. Kyles. Now, he did not object. He didn't say, I don't want this to happen, but the issues also with the crankle counsel not filing the 604 certificate, there's no certification that any intentions of error had been reviewed, and there's no, nothing on the record about why that was actually withdrawn. Okay. And the other thing is, when I look at your brief, before reading your brief, it seems to suggest that you've abandoned this defendant's argument, his pro se argument. Is that correct? That is not correct, Your Honor. The issue is because of those pro se arguments, there's no, because there was no inquiry, there's no way really to present those. There's no record. But in no way does Mr. Kyles wish to abandon those arguments. He was just merely asking that the case could be remanded so those arguments could be fleshed out. But the only, to appeal them now would be very difficult if it's just based on a pro se argument without any sort of inquiry or adversarial proceeding in the trial court. But Mr. Kyles does not wish to abandon those arguments. Thank you, Counselor. Justice, I have no further questions. All right. I have no follow up questions at this time. Thank you for your argument. Mr. Trio, are you also prepared to proceed? I am prepared to proceed. Just to confirm, I can be heard, correct? Yes. Okay, thank you. May I please the court? Justice Liam, Justice Liam Brennan, Justice George Bridges, can you all both hear? Yes. All right. Yes, I can hear. Great. May I please the court, Counsel Adam Trejo, on behalf of the people of the state of Illinois. The defendant first argues that his judgment is void because the automatic juvenile transfer provision, it didn't apply to him since the indictment charging him with aggravated battery with a firearm didn't state that he personally discharged the firearm. Here the state alleged that the defendant discharged the firearm. Defendant's argument is meritless. There is no magical language in an indictment which can divest or grant the court jurisdiction. And I would just like to point to a Supreme Court case, People v. PH, found at 145-ILL.2D-209. In that case, our Supreme Court held that whether a person is tried in juvenile or criminal court, that's a matter of procedure. It's not a matter of jurisdiction. That case dealt with the gang transfer provision and the court held that it merely removed the case from the judge sitting in the juvenile division of the circuit court to a judge sitting in the criminal division. Hence, Illinois courts are courts of general jurisdiction and the juvenile courts are simply divisions within those circuit courts. Thus, in this case, there was no divestiture of jurisdiction. The circuit court retained jurisdiction over the minor. And the automatic juvenile transfer provision simply dealt with procedure. Nonetheless, the language within the indictment was sufficient. I would like to point out that this is the first time defendant is raising this issue on appeal. Therefore, the relevant question is whether the defect in the information or the indictment prejudiced the defendant in preparing the defense. The record belies this. I'd also like to point out that in Illinois, counts of a multi-count indictment should be read as a whole and that elements missing from one count of an indictment may be supplied by another count. Here, the state indicted the defendant with five counts. And the relevant count here is count one. The state charged the defendant and did not charge a co-defendant with attempted first degree murder. And in that indictment, it alleged that he personally, the word is included, personally discharged a firearm that approximately caused great bodily harm to the victim. Hence, when you read the indictments as a whole, defendant was put on notice that the state was charging them with personally discharging a firearm. Moving on to argument two, in regards to the 605C admonishments, I would like to point out that the defendant is not alleging that the admonishments were insufficient. He is alleging that the time in which they were given was insufficient. He alleges, he posits, based on Johnson, that 605C admonishments now must be given at the end of a post-sentencing motion, at the end of the denial of a post-sentencing motion. But the rule is quite clear, 605C admonishments must be given at the imposition of a sentence. It's straightforward, clear, it's unambiguous. Now here, the trial judge sentenced defendant to 21 years imprisonment. Immediately afterwards, the trial court gave the 605C admonishments, and nothing in Dover or Johnson suggests, alters the rule that 605C admonishments must be given at the time a sentence is imposed, and further, at the end when a post-sentencing motion is denied. Johnson does not suggest that. And instead of reiterating the 605C admonishments, the state stands by the admonishments mentioned and analyzed in its brief, and stands by its brief. In regards to Argument 3, that the trial court did not conduct a crankle inquiry, while the law is pretty clear what the trial court must do, it must conduct some type of inquiry into the underlying factual, and based on Roddice, a recent Illinois Supreme Court case, the trial court can decide the legal basis of a defendant's pro se post-trial claim of ineffective assistance of counsel. Now once the trial court determines whether to appoint new counsel, the inquiry is over. Here, in conducting its inquiry, the trial court was presented from a statement from plea counsel. Plea counsel told the trial court that there was a potential conflict. The trial court heard this. It took this into account. Furthermore, the trial court reviewed the allegations within defendant's motion, and the trial court even asked the defendants whether his relationship with plea counsel should be terminated. The defendant had the opportunity to respond and state what he had to say. He simply said, yes, I would like this relationship with plea counsel to be terminated. Thus, the trial court did conduct some type of inquiry into defendant's allegations by reviewing the pleadings and engaging in a discussion with plea counsel and defendant. This satisfied Krankel. Now, defendant takes it one step further. He also argues that he received ineffective assistance of appointed counsel, and I would just like to clarify a point. Appointed counsel did file 604D certificate. She filed the 604D certificate on November 29, 2017, and what she did was she reviewed the defendant's motion and the record, filed a second amended motion to reconsider sentence, and then filed a 604D certificate confirming that she reviewed the record both from the trial court proceedings and from the sentencing proceedings. But nevertheless, defendant claims that she was ineffective for withdrawing a pro se motion. I would like to point out that the claims raised in that pro se motion concerned post-conviction claims. They concern matters outside of the record, and defendant concedes in his reply brief that he could not have briefed the issues because the record, there's nothing in the record to flesh out these claims. An appointed counsel had the same record that opposing counsel has on appeal, and both of them decided not to pursue these issues. Now, the issues concerned in the pro se motion, whether plea counsel misled him to believe that he would receive a maximum sentence of 10 years at 85%, that's outside of the record. There's nothing to support that allegation. Defendant also argued in his pro se motion that newly discovered evidence asserted his actual innocence because a co-defendant recanted this identification of a shooter. Again, that's not in the record. The one issue raised in that pro se motion that was in the record, defendant claimed that there was a conflict of interest between plea counsel and a potential witness. But in regards to that claim, I would just like to point out that the defendant waived any conflict of interest at a November 6, 2015 hearing. Hence, that issue has been forfeited since the defendant explicitly waived any conflict of interest. The record shows that appointed counsel vigorously pursuant to Dover pursued the available course of recourse available to the defendant. She pursued the motion to reconsider sentence vigorously at the hearings, and ultimately it was denied. She satisfied her responsibility as appointed counsel. Now, based on the state's brief and the arguments presented herein, the people of the state of Illinois request that this honorable court affirm defendant's judgment and sentence. And with that, I am open to any questions. Justice Brennan. It seems to me that the lawyer, O'Brien, that was appointed after Jesuits withdrew, she really had a dual appointment, for lack, that's a poor way to phrase it, but she had two roles or obligations. One was to take over the case and obviously pursue the motion to reconsider that Jesuits had as appropriate, but she also had the role as Crankle counsel. And focusing on the Crankle counsel issue for a moment, she, by all accounts, when she filed her motion, you know, didn't go forward with any of the pro se claims. Would it not have been advisable for her to somehow put on the record that she had reviewed those, talked with the defendant, and decided that they were no longer going to pursue those? Because we're left with speculation as it relates to that. Right. I'd like to just pinpoint to her 604D certificate, her language. I agree with you that 604D certificate should not have been filed there, and it was filed at the end at the appropriate time, but I'm just focusing on Crankle and the Supreme Court's and our case's concerns about Crankle. Would it not have made more sense, just as an abundance of caution, to at that point say, I'm not going forward on the Crankle part of my appointment. I've decided that this is not something that we should do, and I'm just going to go forward with the motion to reconsider. Wouldn't it make sense to require that at that stage so that any Crankle issues are no longer in play? Oh, absolutely. It would have made my job on appeal much more easier, and therefore there's no speculation. Absolutely. Trial attorneys should make their best efforts in making a clear and consistent record, but that doesn't necessarily mean that she didn't review these claims and what the record does show is that there was no record to support any of these claims. I would also like to point out that her appointment ends... Can I ask a question about that? Yes. So, nothing in the record to support the claims, but I would agree, and I think we would all agree, that typically claims outside the record, lawyer misconduct, things like that, or deficiencies in their conduct typically happen in a post-conviction context, but a defendant can raise ineffective assistance of counsel before the trial court. That can happen, and that's part of what Crankle's about. Would you agree with that? My understanding of Crankle is that her appointment ends once she gets a new attorney. Once plea counsel was withdrew, that whole ineffective assistance claim is kind of moot because he withdrew. The inquiry ends once a new appointment of Crankle is appointed. You don't further pursue and say he was ineffective because the end result was he was removed from the case. That's what my interpretation of the whole purpose of a Crankle inquiry is. I don't know the further purpose of arguing, of appointed counsel arguing he was ineffective assistance. He provided ineffective assistance of counsel. What's the recourse? You get a new attorney, and that's what happened here. Let's assume for the sake of argument that the attorney did not follow up with the witness that had recanted. In that circumstance, that is something that a Crankle attorney could use as a basis if they chose to file a motion to withdraw a plea. Maybe it would or would not be successful. There are steps. Just because a new attorney is appointed after Crankle doesn't mean that that new attorney should not attempt to resolve some of the ineffective assistance of counsel issues if it's appropriate to do so at that stage. That is an option an attorney in that situation could pursue, is it not? That's why you can't ignore the 604D certificate. The language included in that certificate stated, I have made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings. And it also states that's after she consulted with defendant and reviewed the trial court file and the ROP of the plea guilty and the sentencing hearing. You can't ignore that certificate. I appreciate that. Thank you. Yes, Bridget? Thank you. Counsel, you agree the record is devoid of any facts that Crankle counsel investigated any of defendant's pro se claims of ineffectiveness, is that correct? That is not the state's position. There is a very strong inference in the 604D certificate that she states, I reviewed the trial court file. I reviewed the ROP that consisted of the guilty plea hearings. And I reviewed the sentencing hearing. The language is pretty clear. I have made my amendments on the motion necessary for the adequate presentation of any defects in those proceedings. So I would argue that there is a very strong inference based on that language in the 604D certificate that she did review those claims that are typically raised in a post conviction petition. Okay. So it's based on the 604D certificate only, is that correct? Absolutely. Yes. Counsel, you argue in your brief that defendant's pro se arguments of ineffectiveness should have been dismissed because and that they couldn't result in prejudice because it was given his post plea admonishments. Can you expound on this argument? Actually, after reading defendant's reply brief and conducting further research, I would take this opportunity to refine my point on that. I do acknowledge that, yes, it was timely since there was an open motion to reconsider that had not been ruled on. So that would be my position now that I have time to reflect and review the proceedings and the arguments. Thank you, Counselor. Thank you. And I have no further questions. Thank you. I have a couple of questions. First, what was when the original attorney withdrew and counsel was appointed, what was her role? Her role, right, her role, I'm sorry, is your question finished? Yes. Her role is to proceed on non-frivolous matters. That was her role. You're a regular attorney. You take the case as is, as what you have. And that's what she did here. Wait, wait, wait. Did she raise any non-frivolous issues as Crankle Counsel? Yes, she did. She raised, she filed a second amended motion to reconsider sentence. That's what she raised. And that was a Crankle issue? No, no. The Crankle inquiry ended. Once she was appointed, that ended. Just a sec. My question is this. What non-frivolous Crankle issue did counsel raise? She raised none. And that includes that the plea counsel misled him regarding the sentence. So she raised none. Was that what you said? That she raises, maybe I'm not hearing you correctly. I apologize. That's okay. She raised no non-frivolous issues? Just to clarify, she did not raise any of the issues raised in defendant's pro se motion, which that is what happened. Yes, I can confirm that. Okay. So would not her obligation then be to withdraw as Crankle Counsel? No, because once Crankle Counsel is appointed, you have the case from then on. You move on. You continue with the case. Right. But if you have no non-frivolous issues, then your obligation is to withdraw. Correct? I feel like the obligations are being conflated at the Crankle inquiry. If defendant had attorney at him at the Crankle inquiry, I think that's the obligation that the question being posed. That's the obligation. An attorney at the Crankle inquiry, representing the defendant, had this obligation. But after it ended with new counsel being appointed, she continues with that case. And I would also argue that the motion to reconsider the sentence is non-frivolous. Right. But that's not a Crankle issue, correct? No, it is not. Okay. I have no further questions. Thank you. Barring any further questions? And no further questions, gentlemen? No, thank you. All right. Mr. Gable, do you wish to reply? Briefly, your honors. Just for the state's point about the 605 admonishments, it appears to position that because the original, that the first sentencing proper under Johnson, that that satisfies Johnson. However, at the time of those original admonishments, it appears that case law allowed for defendants to file a motion to reconsider. And it would just put Kyle's in a difficult situation if at that time, if he's allowed to file a motion to reconsider, if he had to file a motion to withdraw his guilty plea, instead, he'd be having to give up his right to file that motion to file a motion to reconsider. And secondly, about the Crankle issue, the state keeps citing that there is no record to support the claims. Our is that's precise. Why there's an issue here is because there is no record to address these claims at any point. And with that, I will invite any questions in the court. Okay. Justice Brennan. Can you address the six over four D certificate argument that was raised by your opposing counsel? Yes. And the significance of that in terms of that, she did review the record, talk with the council, talk with her client and determine that none of these other matters had to be raised implicitly. Yes. So the appointed file six, six or four D certificate in November. However, she withdrew the motion to withdraw the guilty plea back in October and did not file a certificate then. Now this, this could be just my lack of experience, but I did sit in criminal courtrooms for 10 years. I've never seen a six or four D certificate filed before the conclusion of the entire case. I've never seen one filed when a particular motion was withdrawn. So I I'm just not familiar with that happening. And it is somewhat unclear and, and just sort of anecdotal to deal with at one time with withdrawing someone's motion to withdraw a guilty plea. And we did file a six or four D certificate that says you should do that. I have not found anything on that. It would be our position though, an appointed council withdrew the motion to withdraw the guilty plea that either she should have said, because this is. So therefore I have to step down or at least present something on the record about why it is being withdrawn because without that. So there's this general case law that says, you know, if the crankle council's appointed and determines after review of the record and speaking with council that there's nothing except frivolous matters that that council withdraws, but that case law wouldn't make a lot of sense in the context of our case where there are this lawyer is appointed not solely for crankle, but to represent the defendant in general. And she still has to go forward on the motion to reconsider sentence. So she's not going to withdraw in the typical sense that the crankle case law talks about, because there are other matters. She has to represent the defendant. Is that fair? It would be fair. It would be our position then that she should then say, I am withdrawing as crankle council, but I will continue on for the motion to reconsider. Is that not a little bit of form over substance? I mean, I might agree with you that she should somehow alert the judge that I don't think I'm no longer going to pursue these matters. And I've thought about it carefully and talked with the defendant, but I mean, does she have to say the words I'm withdrawing as crankle council, but continuing in another capacity, that seems a little formulaic. It may be, however, without anything on the record, we're just sort of left to guess here about, are these claims frivolous? Are there merit to them? And there's no way for him to proceed on appeal on those issues because there is no record. All right. Thank you. Justice Bridges. I have no further questions. Thank you, justice. All right. Nor do I gentlemen. Thank you very much for your arguments this morning. We are adjourned on this case and you will receive a written disposition in due time again. Thank you. Thank you. Thank you.